# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE SESSION, 1997

FILED

September 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| ARTHUR L. ARMSTRONG, | ) | C.C.A. NO. 01C01-9608-CR-00331 |
| | ) | |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. J. RANDALL WYATT, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (POST CONVICTION) |

FOR THE APPELLANT:

**GREGORY D. SMITH**
Attorney at Law
One Public Square, Suite 321
Clarksville, TN 37040

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**SARAH M. BRANCH**
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243

**VICTOR S. JOHNSON, III**
District Attorney General

**STEVE R. DOZIER**
Assistant District Attorney General
Washington Square, Suite 500
222 Second Avenue South
Nashville, TN 37201

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

The Petitioner, Arthur L. Armstrong, appeals as of right the dismissal of his petition for post-conviction relief by the Criminal Court of Davidson County, Tennessee. This is Petitioner's second petition for post-conviction relief. He was originally convicted in 1978 for multiple offenses which resulted in Petitioner receiving consecutive sentences for two (2) life imprisonment sentences, two (2) sentences of not less than ten (10) nor more than fifteen (15) years, and one (1) sentence of twenty (20) years. The facts of the case can be found in this court's opinion affirming the convictions in Arthur L. Armstrong v. State, No. C-2854, Davidson County (Tenn. Crim. App., Nashville, February 27, 1980). The first post-conviction petition was dismissed and this court affirmed. Arthur Armstrong v. State, No. 01C01-9003-CC-00069, Davidson County (Tenn. Crim. App., Nashville, Oct. 25, 1990), perm. to appeal denied (Tenn. 1991).

Subsequently, Petitioner filed a petition for habeas corpus which was also dismissed in the trial court which this court affirmed in Arthur L. Armstrong v. State, No. 01C01-9311-CR-00403, Davidson County (Tenn. Crim. App., Nashville, Dec. 8, 1994). In that opinion, our court noted that for the first time on appeal, the Petitioner raised the issue of a possible violation of the rule set forth in Brady v. Maryland, 373 U.S. 83 (1963). Specifically involved were allegations of intentional withholding of exculpatory material by the State during and following his trial in 1978. Our court affirmed the dismissal of the petition for writ of habeas corpus and refused to hear the Brady issue. However, our court noted that Appellant could file a petition for post-conviction relief under the authority of

Burford v. State, 845 S.W.2d 204 (Tenn. 1992) even though the statute of limitations would normally have expired for post-conviction relief.

Petitioner then filed a pleading entitled "Amended Petition for Post-Conviction Relief" asserting that the case had been remanded by our court to the trial court. Even though Petitioner is mistaken about a remand, an evidentiary hearing was held. Following the hearing, the trial court entered its findings of fact and conclusions of law and dismissed the petition. We affirm the judgment of the trial court.

The issue regarding Brady material involved two (2) police reports which Petitioner claimed were exculpatory and were not provided to him by the State. It is apparent from the record that Petitioner's two attorneys at the original trial were both deceased by the time the present petition was heard in the trial court. However, an attorney in Nashville who formerly was an Assistant District Attorney in Davidson County and who prosecuted the Petitioner's case testified at this most recent hearing. He stated the reports were provided to defense counsel prior to trial. The trial court specifically accredited the testimony of the former prosecutor, and found that the police reports were indeed provided to Petitioner's attorneys prior to his trial in 1978.

At the evidentiary hearing, the Petitioner also alleged that his trial counsel was ineffective for not attacking the credibility of the victim, not appealing the apparent Brady violation, and not providing the police reports to the Petitioner. The trial court found that all of these issues were either previously raised in a prior post-conviction hearing, had no merit because no Brady violation was found,

or failed to show prejudice to Petitioner by any alleged ineffective acts of his trial counsel.

The factual findings of the trial court in a post-conviction hearing "are conclusive on appeal unless the evidence preponderates against the judgment." State v. Buford, 666 S.W.2d 473, 475 (Tenn. Crim. App. 1983). Also, in a post-conviction relief proceeding, the Petitioner has the burden of proving the allegations in his petition by a preponderance of the evidence. McBee v. State, 655 S.W.2d 191, 195 (Tenn. Crim. App. 1983).

Based upon a thorough review of the record and the arguments of counsel in the briefs, we find that the evidence does not preponderate against the findings of the trial court. Consequently, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
WILLIAM M. BARKER, Judge